# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DOUGLAS A. DELIZ,
           Appellant,

      v.

DEPARTMENT OF THE NAVY,
           Agency.

DOCKET NUMBER
SF-0752-15-0175-I-1

DATE: June 2, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Douglas A. Deliz, Ewa Beach, Hawaii, pro se.

Jason Zhao, Pearl Harbor, Hawaii, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without good cause shown for the delay in filing. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant from his position as a Welder, WG-3703-10, at the Pearl Harbor Naval Shipyard and Intermediate Maintenance Facility. Initial Appeal File (IAF), Tab 2 at 10-21. He was removed because he refused to provide a urine specimen for a drug test as directed on September 19, 2013. *Id.* at 16. He then failed to report to work as directed from September 20, 2013, to November 24, 2013. *Id.* at 16-17. This appeal was filed on November 25, 2014. IAF, Tab 1 at 1. The administrative judge informed the appellant that his appeal appeared to have been untimely filed and ordered him to file evidence and argument showing that it was timely filed or that good cause existed for the delay. IAF, Tab 3 at 2-3. The appellant did not respond. The administrative judge thus dismissed the appeal as untimely filed without good cause shown. IAF, Tab 6, Initial Decision (ID) at 1, 3.

¶3 An appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The appellant's removal was effective October 24, 2014. IAF, Tab 2 at 11. The agency's decision letter was dated October 20, 2014. *Id.* at 10. The appellant received the letter on October 22, 2014. IAF, Tab 5 at 19. The 30-day filing

period ended on November 23, 2014. Because November 23, 2014, was a Sunday, the filing deadline was extended to November 24, 2014. *See* 5 C.F.R. § 1201.23. The appellant filed the appeal electronically on November 25, 2014. *See* IAF, Tab 1 at 1, Tab 2 at 4. The administrative judge thus correctly found that the appeal was untimely filed.

¶4  If a party fails to submit an appeal within the time set by statute, regulation, or order, it will be dismissed as untimely filed unless he can show a good reason for the delay. 5 C.F.R. § 1201.22(c). The administrative judge will provide the party an opportunity to show why the appeal should not be dismissed as untimely filed. *Id.* Although the administrative judge here issued an order on timeliness, the appellant filed no response. *See* IAF, Tab 3 at 2-3. The administrative judge thus properly found that the appellant failed to show good cause for the delay in filing. *See* ID at 1, 3.

¶5  On review, the appellant asserts three arguments.[2] First, the appellant asserts that the agency's change of representative "caus[ed] an unknown amount of days delayed." Petition for Review (PFR) File, Tab 1 at 1. The record shows that the agency added a representative, but we note that this addition did not occur until December 19, 2014, several days *after* the filing deadline. *See* IAF, Tab 4.

¶6  Second, the appellant asserts that he was unable to obtain the services of an attorney to handle his appeal, and he "claim[ed] ignorance of sensitive time-lines whilst acclimating [himself] to the proper filing procedures of [p]ro [s]e [p]etitioners and [a]pel[l]ants." PFR File, Tab 1 at 1. The lack of a representative or the inability to obtain one, however, does not establish good cause for a filing delay. *Zamot v. U.S. Postal Service*, 91 M.S.P.R. 475, ¶ 7 (2002), *aff'd*, 332 F.3d 1374 (Fed. Cir. 2003). The appellant's assertion that he

---

[2] Because we find these arguments unavailing, we do not reach the issue of whether they are based on new evidence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *see also* 5 C.F.R. § 1201.115(d).

was ignorant of the Board's filing deadlines is likewise unavailing. The decision notice clearly advised him that he had 30 days from receipt of the notice in which to file an appeal. IAF, Tab 2 at 11. The decision notice also cited the specific regulation governing the filing of an appeal and instructed the appellant regarding the Board's filing procedures, as well as the procedures for his other avenues of appeal. *Id.* at 11-13. Further, it is well-established that lack of familiarity with the Board's practices does not constitute good cause for waiver of its timeliness requirements. *Mata v. Office of Personnel Management*, 53 M.S.P.R. 552, 554-55, *aff'd*, 983 F.2d 1088 (Fed. Cir. 1992) (Table); *see Caballero v. Department of the Army*, 59 M.S.P.R. 298, 302 (1993) (inexperience with legal matters and unfamiliarity with Board procedures do not warrant waiver of the Board's deadlines).

¶7 Third, the appellant asserts that the electronic devices he used when he attempted to file his appeal did not support Adobe Reader, which meant he missed "important messages that I was ultimately unaware of and unable to respond to." PFR File, Tab 1 at 1-2. He has not shown, however, that such problems occurred *before* the due date for filing an appeal, nor has he specifically stated which messages he missed. The record shows that the Board initially rejected his appeal because he did not include the agency's decision letter with his filing. IAF, Tab 1. Even so, his initial attempt to file an appeal took place on November 25, 2014, after the filing deadline. *Id.*; *see* IAF, Tab 2 at 1. Whatever computer difficulties he might have experienced with the Board's e-filing system postdated the filing deadline. Accordingly, his arguments are unavailing, and we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[3]

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

---

[3] Although the appellant raised a discrimination claim below, the initial decision did not inform him of his right to appeal to the Equal Employment Opportunity Commission or the United States District Court.  We therefore notify the appellant of his mixed-case appeal rights in this Final Order.  *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.